STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2017-34

NATHAN LOCKE,
                    Petitioner

**DECISION AND ORDER**

v.

SECRETARY OF STATE,
                    Respondent

The matter before the court is an appeal by the Petitioner from a decision of a hearing officer with the Bureau of Motor Vehicles dated June 16, 2017 refusing to rescind the administrative suspension of his driver's license for a period of 3 years, on the basis of a report from a Cumberland County Deputy Sheriff that the Petitioner had operated a motor vehicle with an excessive blood alcohol level on March 17, 2017. This appeal has been brought in accordance with 5 M.R.S. §§11001-11008 (Maine Administrative Procedure Act) and M.R.Civ.P. 80C.

## FACTUAL SUMMARY

The sole issue before the court is whether there is substantial evidence in the record to support the Hearing Officer's determination that the Petitioner was the operator of the motor vehicle at the time in question.

At the administrative hearing at which the Petitioner sought to have his license suspension rescinded, the Hearing Officer received the testimony of Cumberland County Deputy Sheriff Marc Marion, whose police report was also admitted into evidence as an exhibit. The Hearing Officer also heard the testimony of Tiffany Delisle-Watson, who maintained that she, not the Petitioner, had been driving the vehicle. At the conclusion of the evidence, the Hearing Officer made the following findings:

So, Counsel, I mean there are a couple of things that make it hard for me to accept the story that we heard from Ms. Delisle-Watson today, and that is that we did have the officer testify and put in his report that he saw a male subject leave the driver's seat, climb over the female passenger, and exit the passenger side front door. We heard Ms. Delisle-Watson explain that she was in the driver's seat and that she pushed Mr. Locke to get him out of the car and somehow she ends up in the passengers [sic] seat with the doors closed in a Hatchback with a console in between them. I find that explanation hard to believe. She didn't explain that she was, you know, that she'd open the door, she'd gotten out, she'd gone around, that Mr. Locke had gotten out. I don't find her explanation credible of that, so I – credible, and I find that the deputy's observation, his testimony about observing Locke in the driver's seat, climb over the passenger seat and exit the door, I find that to be credible. The other piece of information that is in the deputy's report is that during his contact with Mr. Locke, Mr. Locke told him that 'He would not deny that he was the driver, but also would not admit it.' And then I – which I certainly don't take as an emphatic denial that he was driving. And further, the deputy testified that he made contact with the passengers, including Ms. Delisle-Watson and Jonah Simmons, both of whom told him on the scene at the time during that initial encounter that Nathan was driving. So, you know, despite the testimony of Ms. Delisle-Watson, I'm going to deny the petition because I do find that it's more likely than not that Mr. Locke was operating this vehicle and we have the test, so that is my finding. (Record, "R." at Tab 5, pgs 46-48).

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v*

*Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v Maine Public Employees Retirement System,* 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy,* 2014 ME 82, ¶ 11, 95 A.3d 612.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection,* 2001 ME. 18 ¶13, 989 A. 2d 1128. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3). Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence in the record, should not be disturbed by this court. *Cotton v Maine Employment Security Commission,* 431 A. 2d 637, 640 (Me. 1981). The issue is not whether the court would have reached the same result the agency did, but whether the "record contains competent and substantial evidence that supports the result reached" by the agency. *Seider v. Board of Examiners of Psychologists,* 2000 ME 206, ¶ 8, 762 A.2d 551 *quoting CWCO, Inc. v. Superintendent of Insurance,* 1997 ME 226, ¶ 6, 703 A. 2d 1258, 1261.

The court has no difficulty in concluding that the record contains substantial evidence to support the Hearing Officer's finding that the Petitioner was the operator of the vehicle. The task of assessing the credibility of the witnesses and the weight to be given the evidence, is the exclusive province of the administrative hearing officer. The court has no basis, or authority, to substitute its judgment for that of the Hearing Officer who heard the witnesses live and in-person, and who was in the best position to evaluate their believability.

3

## CONCLUSION

The entry is:

The Petition for Judicial Review of Final Agency Action is DENIED.

The Clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

DATED: January 8, 2018.

William R. Stokes
Justice, Maine Superior Court